UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| CHRISTINE GUREVITZ, | 24 Civ. |
| Plaintiff, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| DELTA AIR LINES, INC., | |
| Defendant. | |

----------------------------------------------------------------x

Plaintiff, by her attorneys, Jaroslawicz & Jaros, PLLC and LAW OFFICE OF ELIZABETH EILENDER PC, complaining of the defendant alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff Christine Gurevitz ("plaintiff") is a citizen of the State of Connecticut.

2. At all times hereinafter mentioned, defendant Delta Air Lines, Inc. ("Delta" or "defendant") is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Georgia at 1030 Delta Boulevard, Atlanta, Georgia 30354.

3. At all times hereinafter mentioned, Delta is a common carrier engaged in the business of transporting passengers for hire by air and conducts its operations in and out of John F. Kennedy International Airport ("JFK") which is located in the County of Queens, State of New York.

4. At all times hereinafter mentioned, The Port Authority of New York and New Jersey operates, maintains and controls JFK, including Terminal 4, Gate B26 from which defendant's flights departed.

1

5. Upon information and belief, at all times hereinafter mentioned, Delta leased Gate B26 in Terminal 4 at JFK.

6. At all times hereinafter mentioned, defendant operated Gate B26 in Terminal 4 at JFK.

7. At all times hereinafter mentioned, defendant was operating international Delta flight no. 1891 from JFK to Providenciales International Airport ("PLS") located in the Turks and Caicos Islands (the "subject flight").

8. At all times hereinafter mentioned, defendant maintained, operated and controlled Gate B26 in Terminal 4 at JFK, including the passenger boarding bridge ("PBB"), also referred to as a jetway or jet bridge, utilized for passengers to board the subject flight.

9. At all times hereinafter mentioned, defendant made a special use of the aforementioned PBB.

## JURISDICTION AND VENUE

10. That the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

12. Venue is properly placed in the United States District Court for the Eastern District of New York since defendant does business here, the occurrence took place here, witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

13. On or about February 25, 2024 ("DOI"), plaintiff was a lawfully ticketed fare-paying Delta passenger who was instructed by defendant to walk down the PBB at Gate B26 at JFK in order to board the subject flight from JFK to PLS in the Turks and Caicos Islands.

14. On DOI, defendant Delta employed terminal and gate agent personnel who were responsible for the safe and secure boarding of Delta's passengers.

15. On DOI, the subject flight was conducted on an aircraft owned, leased, operated, staffed or otherwise controlled by defendant Delta.

16. On DOI and for some time prior to, defendant Delta was responsible for the retention, training, management, supervision, monitoring and/or control of all of its flight crew and gate personnel, including those responsible for the safe boarding of Delta's passengers.

17. On DOI, defendant Delta was responsible for the crew's adherence to standard safety policies and protocol.

18. On DOI, due to defendant's recklessness, carelessness and negligence, as plaintiff was traversing the PBB, in the process of boarding the subject flight, she was caused to fall and while falling came in contact with and violently struck protruding railings in the PBB. (the "Incident").

19. Following the Incident, defendant created an Incident Report, which was not provided to plaintiff.

20. Due to plaintiff's injuries, defendant advised that it would not permit plaintiff to proceed with the flight from JFK to PLS. Given her injuries and intense pain, plaintiff agreed.

21. This action is governed by the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999, ("The Montreal Convention").

22. Plaintiff's travel itinerary pursuant to the contract of carriage which forms the basis for this action was from the United States to the Turks and Caicos Islands.

23. Due to the defendant's recklessness, carelessness and negligence, plaintiff was caused to slip, trip and fall, as a result of which she suffered severe, both temporary and permanent personal injuries.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**<u>AS AGAINST DEFENDANT</u>**

24. Defendant, by its agents, servants and/or employees, was reckless, careless and negligent, in failing to have efficient, properly trained, and sufficient personnel; in making a special use of the PBB to board passengers; in causing the PBB to be unlevel; in causing and/or permitting a dangerous condition to exist; in permitting steel railings to protrude into the area where passengers were to stand and walk to enter the aircraft; in directing passengers such as the plaintiff to travel down the PBB to board the plane without proper and adequate crowd control; in having a defective PBB; in failing to make repairs to have a level PBB; in permitting the floor of the PBB to be uneven; in failing to have a level PBB; in failing to barricade the area; in failing to warn; in creating a trap, hazard and nuisance; in permitting too many passengers to crowd the PBB so as to have an unsafe number of passengers crammed into the PBB at one time with all of their luggage; in having inefficient and insufficient personnel; in failing to supervise the gate agents; in failing to monitor and properly control the flow of boarding passengers; in failing to ensure the proper and safe embarking of the plaintiff onto the subject international flight; in causing and/or permitting the plaintiff to fall and be slammed against the protruding railing on the PBB; in having an uneven and bumpy jetway; in failing to hire and retain competent personnel and employees; in failing to properly and adequately supervise, monitor and train personnel and

4

employees; in failing to have proper and adequate policies and procedures; in failing to properly and safely stow passengers' luggage and belongings which contributed to the unsafe and overcrowded situation on the PBB during boarding; the subject incident herein and resulting injuries occurred through no fault of Plaintiff and instead, occurred because of improper handling by defendant; in violating applicable laws, rules and regulations; in failing to comply with internal rules, regulations and standards and defendant was otherwise reckless, careless and negligent.

25. As a result of defendant's recklessness, carelessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries, including injury to chest, neck, back, lungs and ribs including right 9th and 10th posterior rib fractures, displaced at the 10th rib; difficulty breathing; initially unable to sit up without severe pain; unable to tolerate Percocet or Vicodin for pain; intractable pain requiring pain medications including morphine; intermittent, sharp and burning pain in right flank and neck; bilateral lower lobe atelectasis; cervical sprain; aggravation and exacerbation of preexisting back and neck condition; possible herniated discs of thoracic spine; confined to the hospital for four days and future hospitalization may be necessary; required nerve ablation procedures; required to undergo physical therapy; activities of daily living severely impacted for many months and to the present time; initially unable to walk due to excruciating pain; required to undergo CT scans of head, cervical spine, pelvis, chest, thoracic spine and lumbar spine; unable to attend to usual and customary duties and vocation including activities of daily living such as getting dressed and personal hygiene; extreme pain and suffering; emotional harm; mental anguish and distress; will require medical care and attention in the future; incurred and will continue to incur medical expenses for hospital and doctors; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

26. As a result of the foregoing, defendant is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Convention.

27. Pursuant to Article 17(1) of the Montreal Convention, United "is liable for damage sustained in case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

28. No negligence, wrongful act or omission by Plaintiff contributed in any way to the injuries and/or damages that she sustained.

29. Pursuant to Article 21 of the Montreal Convention, defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to plaintiff's resulting injuries.

30. Pursuant to Article 21 of the Montreal Convention, defendant cannot meet its burden of proving that plaintiff's injuries were caused solely by the acts of third parties who were not its agents or contractors or otherwise performing an essential or necessary airline function.

31. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendant.

## AS AND FOR A SECOND CAUSE OF ACTION

32. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

33. Defendant was reckless, careless and negligence as set forth above.

34. As a result of defendant's negligence, plaintiff was caused to suffer severe and permanent personal injuries as set forth above.

35. By reason of the foregoing, plaintiff is entitled to recover all of her damages under common law.

WHEREFORE, plaintiff requests that the court enter judgment in her favor as against the defendant, in actual damages expected to exceed seventy-five thousand dollars ($75,000) together with interest, costs of suit and such other relief this Court may deem just and proper.

| | |
|---|---|
| Dated: New York, New York<br>August 1, 2024 | JAROSLAWICZ & JAROS, PLLC<br>Attorneys for Plaintiff Christine Gurevitz<br>225 Broadway, 24th Floor<br>New York, New York 10007<br>David Jaroslawicz<br>DJ@lawjaros.com<br>(212) 227-2780 |

LAW OFFICE OF ELIZABETH EILENDER PC
Attorneys for Plaintiff Christine Gurevitz
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
Elizabeth Eilender
EEilender@lawjaros.com